**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

MELVIN EUGENE GIBBS : Civil Action No. PJM-09-856
Related Civil Action No. PJM-03-3550
Petitioner : Related Criminal Action No. PJM-03-400

:
v.
:
UNITED STATES OF AMERICA
Respondent ..o0o..

**MEMORANDUM**

Before the Court is a paper filed pro se by Melvin Eugene Gibbs titled "Motion Pursuant to FRCP/Rule 60, and Motion for Temporary Restraining Order (TRO)/INJUNCTION, " seeking to vacate his conviction. Gibbs is trained as an attorney and filed the pleading pro se.[1] After careful review, the Court will dismiss the pleading.

**BACKGROUND**

On September 7, 2004, Gibbs pleaded guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 876, and was sentenced to twelve months and seventeen days incarceration to be followed by three years of supervised release. His conviction was affirmed on appeal. *See United States v. Gibbs,* 185 Fed. Appx. 258 (4th Cir. 2006). The Supreme Court denied certiorari on January 8, 2007. *See Gibbs v. United States*, 549 U.S. 1117 (2007). Gibbs's first habeas petition, filed on December 9, 2003, was dismissed without prejudice on December 22, 2003 as premature. *See Gibbs v. United States*, Civil Action No. PJM-03-3550 (D.Md).

**DISCUSSION**

The instant pleading clearly challenges Gibbs's conviction and sentence. As such, it is

---

[1] In reviewing this pleading, the Court has applied the liberal standard for adjudging pro se pleadings. *See Haines v. Kerner* 404 U.S. 519, 520-21 (1972). The pleading is rambling and incoherent. The Court recognizes that questions concerning mental competency arose during the criminal proceeding.

more properly construed pursuant to 28 U.S.C § 2255 as a Motion to Vacate, Set Aside or Correct. *See e.g., Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling the subject matter of the pleading, not its caption, determines its status). In this case, however, it appears that Gibbs has completed his terms of incarceration and supervised release. As such, Gibbs fails to satisfy the jurisdictional requirement the petitioner be "in custody." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). Thus, the matter must be dismissed for lack of jurisdiction.[2]

Review of the pleading under Federal Rules of Civil Procedure 60(b) is also unavailing. Gibbs may not invoke the Federal Rules of Civil Procedure to collaterally attack his criminal judgment. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedure in all civil actions and proceedings in the United States district courts....); *United States v. O'Keefe*, 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998); *U.S. v. Leake*, 96 Fed Appx. 873 (4th Cir. 2004) (unpublished) (criminal defendant cannot challenge an order in his criminal case using the Federal Rules of Civil Procedure); *see also United States v Breit*, 754 F. 2d 526, 530 (4th Cir. 1985) ("there is no provision similar to FRCP 60(b) for relief after final judgment or order in effect for federal criminal case).

Although Gibbs does not specify under which subsection of Rule 60(b) he is proceeding, the Court assumes that he intends to proceed under Sections (b)(4) and (b)(6) because his arguments do not implicate the other provisions.[3] Gibbs avers that Judge David A Faber, United States District

---

[2] The Petition would also be time-barred. *See* 28 U.S.C. § 2255(1).

[3] Fed. R. Civil P 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

Judge for the Southern District of West Virginia, improperly presided by appointment at his plea and sentencing. Further Gibbs claims questions during the proceeding regarding his mental competency warrant vacatur.

Gibbs raised similar claims on appeal, asking whether it was proper for the district court to recuse all District of Maryland judges and appoint a Southern District of West Virginia judge to preside over his case and whether the district court erred by ordering a competency hearing to determine if Gibbs was competent to stand trial and serve as his own counsel. *See Gibbs*, 185 Fed. Appx. at 258. As earlier noted, the Fourth Circuit affirmed judgment. *See id.*

Gibbs fails to advance any grounds justifying relief under Subsection 60(b). The extraordinary remedy provided by Rule 60(b) is only to be granted in exceptional circumstances. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979); *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir.2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000); *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir.1979). None is presented here. The Court will dismiss the pleading by separate Order.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 20, 2009

vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.